L. E. Gallagher *v.* Pauline I. Maclean and George Maclean, trading as The Maclean Company, Appellants.

*Jurisdiction of courts not affected by change in membership.*

The franchise to hear and determine, to adjudicate and exercise judicial power, vested in a judicial organization, is not affected by changes in the membership of that body; to contend otherwise would be to confuse the authority of an individual or of the individuals making up the judicial body, with the scope of the powers of that body itself as a part of one of the co-ordinate departments of sovereignty.

*Statutes—Constitutional law—Reference to prior legislation.*

The rule of construction that: The intention of the constitution is, that when the provisions of a former law are to be incorporated with a subsequent statute, they or the law containing them shall be re-enacted and published at length, does not apply where the act under consideration manifests no legislative contemplation of prior legislation or design to incorporate its provisions.

*Statutes—Landlord and tenant—Constitutional law.*

The Act of February 5, 1875, P. L. 56, providing that one magistrate may act where before two aldermen were required, is constitutional. It offends against neither art. 3, secs. 6 and 7, relating to legislation, nor art. 5, sec. 12, relating to the judiciary.

*Magistrate—Constitutional status and legislative control of.*

The powers of magistrates at the time of the adoption of the constitution were created by that instrument by the 12th section of the 5th article; and while the Act of February 5, 1875, P. L. 56, is a local act, yet, inasmuch as the constitution created a local magistracy, and contemplated legislative power, first to establish, and then to change it, in expressly stating the limitations of the exercise of that power, invalidity will not be attributed to legislative action when exercised within the constitutional limitations, although local in application.

*Justice of peace—Irregularity of process—Effect of appearance.*

Where a defendant appears in obedience to a process before a magistrate after more than four days have elapsed from the issuance of the writ and its returning, whatever irregularity, if any there might have been in this regard, is cured by such appearance.

Argued Oct. 6, 1897. Appeal, No. 57, Oct. T., 1897, by defendants, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1896, No. 10, dismissing exceptions to judgment of a magistrate. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed. ORLADY and PORTER, JJ., dissent.

Certiorari. Before WILTBANK, J.

It appears from the record that on September 30, 1896, the plaintiff, L. E. Gallagher, caused to be issued by magistrate Cunningham a summons under the act of March 21, 1772, for the recovery of certain premises occupied by the defendants. This summons was made returnable October 6, 1896, before magistrate Cunningham. On that day the defendants appeared, and their counsel moved to quash the proceeding on the ground that there was no jurisdiction in the magistrate to try the cause.

The magistrate overruled the motion, whereupon the defendants and counsel withdrew. The magistrate then heard the case and gave judgment for the plaintiff. A writ of certiorari was issued and exceptions filed (1) that the magistrate had no jurisdiction, the act of 1772 requiring two justices; (2) that the summons was made returnable more than four days after its issue.

The court below overruled both exceptions and affirmed the judgment of the magistrate on the verdict publicly given for possession and an award of $120 as damages, together with $65.00 costs, in an opinion by WILTBANK, J., reported in 6 Dist. Rep. 315. Defendants appealed.                    .

*Error assigned* was dismissing exceptions to judgment of the magistrate, reciting same.

*Henry Budd*, with him *Charles F. Ziegler*, for appellants.— At the time of the adoption of the constitution and the substitution of magistrates in Philadelphia for aldermen or justices, an uniform law of practice and proceeding in a special court was enacted, extending all over the commonwealth. It is now claimed that by the act of 1875 a difference was made between the proceedings in the city of Philadelphia for the possession of premises upon which a tenant remained after the expiration of his term, and that which obtained and still obtains in every other city and county in the state.

No such power whatever was vested in the legislature and the act of 1875 is in this particular expressly prohibited by art. 3, sec. 7, of the constitution.

The language of Mr. Justice MITCHELL in Ruan Street, 132 Pa. 257, 273, is entirely appropriate to this case.

The Supreme Court has been particularly strict in its judgment upon acts which are alleged to be unconstitutional under the article and section above quoted, and every endeavor by indirection to establish an especial system of legal procedure for a city of the first class, or for a particular county has been frowned upon and has come to naught: Scranton v. Silkman, 113 Pa. 191; Phila. v. Pepper, 19 W. N. C. 109. Strine v. Foultz & Bro., 18 W. N. C. 359, is a case which seems particularly instructive upon the subject now before the court.

See also case of Betz v. Phila., 21 W. N. C. 155, Davis v. Clark, 106 Pa. 377, and McCarthy v. Com., 110 Pa. 243.

*Elias P. Smithers*, with him *Samuel S. Craig*, for appellee, relied on Act of February 5, 1875, P. L. 56.

OPINION BY REEDER, J., May 9, 1898:

Two questions are raised by the assignments of error in this case. First. Is the twelfth section of the Act of Assembly of February 5, 1875, P. L. 56, constitutional? Second. Was the writ made returnable a day earlier than is prescribed by the act of March 21, 1772, and if so is that such error as will defeat this judgment?

The Act of March 21, 1772, 1 Sm. L. 373, provided that proceedings to dispossess a tenant after the expiration of the term should be before "two justices of the city, town, or county where the demised premises are situate." The proceedings were under the provisions of this act. The lease being for a less term than one year, and not at will, the provisions of the act of December 14, 1863, could not be invoked. Section 12, article V., of the constitution provides that "in Philadelphia there shall be established for each thirty thousand inhabitants one court not of record of police and civil causes with jurisdiction not exceeding one hundred dollars; such courts shall be held by magistrates whose term of office shall be five years, and they shall be elected on a general ticket by the qualified voters at large, and shall exercise such jurisdiction, civil and criminal, except as herein provided as is now exercised by aldermen, subject to such changes not involving an increase of civil jurisdiction, or conferring political duties as may be made by law. In Philadelphia the office of alderman is abolished."

The legislature by the Act of May 25, 1874, P. L. 224, directed that each court should be held by two magistrates. Subsequently the Act of February 5, 1875, P. L. 56, was passed changing the provisions of the act of 1874 in that particular. The latter act provides that each of said courts shall be held by one magistrate and that "the jurisdiction of each of said magistrates shall extend throughout the city and county of Philadelphia, and they shall be by virtue of their offices ex officio justices of the peace; they shall have all powers and shall exercise the same

jurisdiction, civil and criminal (except as herein provided) as is now by law exercised by aldermen of said city, and shall be liable to the same limitations and restrictions, pains and penalties that are now imposed upon aldermen by the laws of this commonwealth; where by law two aldermen are required to hear and determine any matter brought before them the same jurisdiction shall be exercised by one magistrate." There can be no doubt that the act of 1875 confers authority upon a magistrate sitting alone to hear and determine questions arising under the act of 1772, and enforce by warrant of dispossession, his judgment if the act of 1875 is in accord with the provisions of the constitution of this commonwealth. The argument advanced by appellants to sustain their contention that the act of 1875 is unconstitutional, is that the act of 1875 is a law regulating the jurisdiction and extending the power and duties of a magistrate in the city of Philadelphia, and hence is in violation of the provisions of the seventh section, article III. of the constitution which forbids the passage of " any special or local law, regulating the practice or jurisdiction of or changing the rules of evidence in any judicial proceeding or inquiry before courts, aldermen, justices of the peace, sheriffs, commissioners, arbitrators, auditors, masters in chancery or other tribunals; regulating the fees or extending the powers and duties of aldermen, justices of the peace, magistrates or constables." It must be conceded that whatever power or authority a magistrate has under the act of 1772, is because he is ex officio a justice of the peace. The appellants claim that by the act of 1875 a difference was made between the proceedings in the city of Philadelphia for the dispossession of tenants remaining after the expiration of the term and that which obtains in the other cities and counties of the state, and it is therefore a violation of the inhibition of the constitution. We cannot agree with this contention. The constitution itself abolished the office of alderman. In passing we want to say that aldermen were substituted in the city of Philadelphia for justices of the peace by the act of March 11, 1789, and in them were vested all the powers and jurisdiction of justices of the peace. When the constitution of 1874 became the fundamental law of the commonwealth, the offices of aldermen and justices of the peace were both therefore abolished and a new court not of record was established presided

1898.]    <span style="float:right">Opinion of the Court.</span>

over by a magistrate who was ex officio a justice of the peace. New powers conferred by the legislature upon a new court, created by the constitution and not forbidden by its provision could be in no sense local or special legislation. An act of assembly to fall within the prohibition of the seventh section, article 3 of the constitution must be local or special; to fall within this particular clause of that section it must also regulate the practice or jurisdiction in a judicial proceeding. The magistrate courts in Philadelphia were created by the constitution,—these courts being substituted for all other courts, having both civil and criminal jurisdiction, not of record. The very clause of the constitution which creates these courts provides "subject to such changes not involving an increase of civil jurisdiction, or conferring political duties as may be made by law." They are made distinctive as courts not of record, and the limits within which they are subject to change by legislative enactment clearly defined. Is the act of 1875, which provides that one magistrate may sit where by law two alderman were theretofore required to act, such an increase of civil jurisdiction as to bring it within this constitutional inhibition? We think clearly not. This is not an increase in the jurisdiction of a magistrate's court. The powers and duties of such court are not altered or changed. It simply determines that with the same duties imposed, by the exercise of the same jurisdiction the same functions shall be performed by one magistrate as was theretofore exercised by two aldermen. A change in the number of judges in a court is not a change in its civil jurisdiction. The number of members of a court is a mere incident not affecting the civil jurisdiction of the court itself.

As to the objection that more than four days elapsed from the issuance of the summons and its returning, we can only say that the record which is the only evidence before us shows that the defendant did appear on the day of the return of the writ at the hearing before the magistrate, and whatever irregularity, if any, there might have been in this regard, was cured by such appearance. This has been decided by a long line of cases in this state, beginning with Stroup v. McClure, 4 Yeates, 523; Blashford v. Duncan, 2 S. & R. 480.

<span style="float:right">Judgment affirmed.</span>

ORLADY and PORTER, JJ., dissent.